

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACE INVESTORS, INC.,

                Appellant,

                **OPINION AND ORDER**
-against-                14-CV-358 (SJF)(AKT)

RUBIN FAMILY IRREVOCABLE STOCK TRUST,      **Bankruptcy Case:**
ROBERT M. RUBIN FAMILY REALTY TRUST,      8-13-72193 (DTE)
MARGERY RUBIN and ROBERT RUBIN,

                Appellees.
------------------------------------------------------------X
FEUERSTEIN, District Judge.

By Notice of Appeal filed January 16, 2014, ACE Investors Inc. ("ACE") appeals from an order of the United States Bankruptcy Court for the Eastern District of New York, dated November 21, 2013, which denied ACE's motion to dismiss the bankruptcy petitions filed by the Rubin Family Irrevocable Stock Trust, Robert M. Rubin Family Realty Trust, Margery Rubin and Robert Rubin ("Debtors"). ACE appeals the bankruptcy court's holding that the Debtors' Chapter 11 petitions were not filed with bad faith, which permitted them to use the automatic stay provision under 11 U.S.C. § 362(a) as the functional equivalent of supersedeas bond pending appeal to the Second Circuit of the parties' case before the Honorable Victor Marrero, District Court Judge, Southern District of New York. ACE also appeals the bankruptcy court's decision not to give *res judicata* effect to Judge Marrero's orders.

In its order, the bankruptcy court held "it would be premature to afford *res judicata* treatment to the various findings of other courts while the appeals to the Second Circuit are pending." *In re Rubin Family Irrevocable Stock Trust*, No. 13 B.R. 72193, 2013 WL 6155606, at *12 (Bankr. E.D.N.Y. Nov. 21, 2013). The court reasoned that if it followed the position in

the Restatement (Second) of Judgments, it would dismiss the petition on bad faith grounds based upon the prior findings of fraudulent transfers, notwithstanding that the Second Circuit might reverse those findings on appeal, requiring the Debtors to seek relief under Federal Rule of Civil Procedure 60(b) or to file new petitions based upon the remand, resulting in needless expenses. *Id.* On April 9, 2014, the Second Circuit affirmed Judge Marrero's decisions in full, except for an award of costs to ACE for its expert. The court held: "Having determined that appellants were liable for actual fraud, the district court had authority to impose judgment on all appellants even though the Utah Judgment was against the Stock Trust only." DE 10 at pp. 6, 8.

As a general rule, "[o]n appeal from an order of the bankruptcy court, the district court should not consider any evidence not before the bankruptcy court at the original hearing." *In re Sundial Asphalt Co., Inc.*, 147 B.R. 72, 79 (E.D.N.Y. 1992). *See In re W. T. Grant Co.*, 432 F. Supp. 105, 106 (S.D.N.Y. 1977) ("[T]he record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision."). Under extraordinary circumstances, however, a court may enlarge the record on appeal if it concludes that the additional material can be considered part of related litigation before the court. *Newspaper and Mail Deliverers' Union of New York and Vicinity v. Imperial News Co., Inc.*, Nos. 91 Civ. 5660; 91 Civ. 5661, 1992 WL 47337, at *1 (S.D.N.Y. Feb. 28, 1992).

The Debtors admittedly filed the Chapter 11 petitions to take advantage of the stay provision pending appeal of Judge Marrero's decisions.[1] Additionally, the bankruptcy court's

---

[1] Margery Rubin testified that the petitions were filed to prevent ACE from collecting on its judgments pending appeal. DE 3 at p. 8.

order contemplated the effect of *res judicata* if the district court was affirmed: "If the Second Circuit upholds those findings, then ACE may certainly come back to this Court and seek appropriate relief." *In re Rubin*, 2013 WL 6155606, at *13. Moreover, "[t]he [bankruptcy] Court is aware that the Debtors have filed a plan of reorganization that proposes to pay ACE in full in the event that the Debtors lose on appeal to the Second Circuit." *Id.* at *12. Finally, the appellate court's order is not merely supplemental facts or authority. Rather, the parties are the subject matter of the order and are equally effected by its holdings. Under these limited circumstances, the Second Circuit's ruling affirming the S.D.N.Y. action is deemed related to the bankruptcy court litigation. Accordingly, ACE's appeal is dismissed with prejudice and this case is remanded to the bankruptcy court for further proceedings.

**SO ORDERED.**

Dated: September 5, 2014
      Central Islip, New York

                                      s/ Sandra J. Feuerstein
                                    Sandra J. Feuerstein, U.S.D.J.